UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JUAN ARTURO CUSTODIO-IXCOY,<br>Petitioner,<br>v.<br>UNITED STATES OF AMERICA et al.,<br>Respondents. | CASE NO. 2:26-cv-03787-TL<br><br>ORDER REGARDING PETITIONER'S CHANGE IN CUSTODY |

This matter is before the Court *sua sponte*. On October 1, 2026, Petitioner, then detained at the Northwest ICE Processing Center ("NWIPC") in Tacoma, Washington, submitted to the Court a document captioned "Temporary Restraining Order in Support of Writ of Habeas Corpus and Order of Release." Dkt. No. 1. Petitioner averred that he had sent the document "by hand delivery into the Institution's mailbox in a pre-paid first class envelope in accord with the 'Prison Mailbox Rule[.]'" *Id.* at 1. The Clerk of Court did not receive the submission until October 5, 2026. *See id.*

While Petitioner's submission was in transit, on October 2, 2026, ICE transferred Petitioner from NWIPC to an ICE facility in Florence, Arizona. Dkt. No. 4 (Notice of Change in Custody) at 1. On October 5, 2026, Petitioner was removed from the United States to Guatemala. *Id.* at 2.

The Court addresses two issues herein. Respondents maintain that, "On October 5, 2026, Petitioner's motion for a temporary restraining order was filed on ECF[.]" *Id.* at 1. Although this is technically true, the prison mailbox rule does not distinguish between the filing of a detainee's habeas petition and the filing *on ECF* of a detainee's habeas petition. "Under the 'prison mailbox rule' . . . , a prisoner's federal habeas petition is deemed filed when he hands it over to prison authorities for mailing to the district court." *Huizar v. Carey*, 273 F.3d 1220, 1222 (9th Cir. 2001). Moreover, the rule "applies with equal force," even if "a prisoner's petition is never filed by the court." *Id.* at 1223. Given that Petitioner handed over his submission to NWIPC authorities on October 1, 2026, Respondents are mistaken when they claim that "Petitioner was no longer in this District when this litigation commenced." Dkt. No. 4 at 1–2. Respondent was very much in the Western District of Washington when he filed his petition, and the "NWIPC LAW LIBRARY" stamp dated October 1, 2026, clearly indicates as much. Respondents' erroneous position could incentivize the monitoring of detainee mail, followed by the rapid transfer of a detainee upon discovery of an envelope addressed from them to the Courthouse.

Even so, in this case, Petitioner failed to properly include the $5.00 filing fee with his petition, and he did not apply to proceed *in forma pauperis* ("IFP"). *See* Dkt. No. 2 (Notice of Filing Deficiency). Accordingly, the Court was unable to process or adjudicate Petitioner's case.

Respondents assert that this case is "now moot," because "Petitioner has been removed from the United States to Guatemala and is no longer in immigration custody[.]" Dkt. No. 4 at 2 (citing *Abdala v. INS*, 488 F.3d 1061, 1064 (9th Cir. 2007)). Respondents' statement, however,

presumes that Petitioner's "deportation does not give rise to collateral consequences that are redressable by success on his original petition." *Abdala*, 488 F.3d at 1065. Respondents provide no factual or legal basis for their entitlement to such a presumption, and the record before the Court does not indicate as much. As the *Abdala* court held, "Just as '[a] habeas petition challenging the underlying conviction is never moot simply because, subsequent to its filing, the petitioner has been released from custody,' a petitioner's deportation does not automatically render his claim moot." *Id.* at 1064 (quoting *Chacon v. Wood*, 36 F.3d 1459, 1463 (9th Cir. 1994)).

However, given the particular facts here—i.e., Petitioner's filing-fee deficiency, the extreme improbability of Petitioner's remediation of the deficiency given his deportation to Guatemala, and the Court's inability to contact him—the petition is DISMISSED WITHOUT PREJUDICE as moot.

Dated this 20th day of October 2026

Tana Lin
United States District Judge